financial benefit from the infringement to survive summary judgment. Further, because we conclude that the district court failed to discern triable issues of fact concerning AOL's threshold eligibility under § 512(i) for the DMCA's safe harbor limitations of liability, we reverse the district court's judgment on this matter. If a jury determines that AOL is eligible for the DMCA's safe harbor limitations of liability under § 512(i), the parties do not need to relitigate whether AOL satisfies the requirements of § 512(a) in this case; we agree with the district court that it does.

In sum, we AFFIRM in part and REVERSE in part the district court's summary judgment in favor of AOL. We REMAND for trial on Ellison's claim of contributory copyright liability, and, if necessary, on AOL's eligibility under § 512(i) to assert the DMCA's safe harbor limitations of liability. Each party to bear its own costs.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

United States of America,
Plaintiff–Appellee,

v.

Wesley Lane Crawford, Defendant–Appellant.

Nos. 02–30246, 02–30282.

United States Court of Appeals,
Ninth Circuit.

Feb. 10, 2004.

Klaus P. Richter, Esq., Billings, MT, John A. Drennan, Esq., Washington, DC, for Plaintiff–Appellee.

Michael Donahoe, Esq., Helena, MT, David F. Ness, Esq., Great Falls, MT, for Defendant–Appellant.

Before BROWNING, ALARCÓN, and CLIFTON, Circuit Judges.

**ORDER**

The court's September 8, 2003 opinion in this matter is WITHDRAWN.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Clifford BIRD, Sr., Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

James DAYCHILD, Defendant–Appellant.